511 A.2d 947

School District of Philadelphia, Petitioner *v.* Workmen's Compensation Appeal Board (Gardiner), Respondents.

Submitted on briefs June 10, 1986, to Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*William J. McKee, Labrum & Doak,* for petitioner.

*Larry Pitt,* for respondent.

OPINION BY JUDGE CRAIG, July 9, 1986:

Employer School District of Philadelphia appeals from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision awarding ninety weeks of workmen's compensation benefits to the claimant, Ann G. Gardiner, for serious and permanent disfigurement pursuant to section 306(c)(22) of The Pennsylvania Workmen's Compensation Act.[1]

The facts of this case are not in dispute. On May 27, 1980, during the course of her employment as a school teacher, the claimant sustained various injuries when she was attacked by students. In addition to receiving lacerations of her face, the claimant lost four front teeth, her two upper central incisors and her two upper maxillary lateral incisors.

The employer issued a notice of compensation payable, but the claimant returned to work on December 19, 1980 without losing any earnings. In December of 1982, the claimant filed a petition for modification alleging that she sustained a serious and permanent disfig-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22).

urement of her head, neck or body as a result of the accident on May 27, 1980. However, on February 1, 1983, the employer filed a termination petition, alleging that the claimant's disability resulting from her injuries of May 27, 1980 had ceased and terminated on December 19, 1980. The referee granted the modification petition but dismissed the termination petition.

To receive an award under section 306(c)(22) of the Act, a claimant must establish that his disfigurement (1) is serious and permanent (2) resulted in unsightly appearance and (3) is not usually incident to his employment. *Purex Corporation v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 499, 445 A.2d 267 (1982). Where, as here, the party with the burden of proof has prevailed before the compensation authorities, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or findings of fact were not supported by substantial evidence. *United States Steel Corporation v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 641, 416 A.2d 619 (1980).

Before the referee, the claimant appeared wearing a fixed bridge prosthesis replacing the four lost teeth, but introduced photographs showing her appearance without the bridge. The employer contends that the referee erred by basing his award of compensation on the pictures of the claimant without the prosthesis, instead of comparing her appearance before the injury with her appearance with the prosthesis. We cannot agree.

The referee specifically found that the claimant's work-related accident caused:

a. A linear scar located just above the center of the claimant's upper lip measuring approximately 3/8ths of an inch in length.

b. A quite noticeable absence of the maxillary central incisors and a noticeable partial ab-

sence of the maxillary lateral incisors. Further the loss of the aforesaid piece detrimentally affects the Claimant's overall appearance.

The previous appearance of the teeth as a whole as part of the head and face is a matter that is proper for the factfinder to consider. However, there are various circumstances which could prevent such a comparison. Thus, we cannot hold such a comparison to be indispensable to the grant of benefits. The presence of the bridge prosthesis does not eliminate the claimant's disfigurement altogether. Instead, it diminishes the effect. Furthermore, the employer ignores the fact that the claimant suffered a second disfiguring injury, consisting of the scar above her lip. Consequently, we conclude that the referee properly exercised his discretion by granting the claimant compensation for one-third of the maximum period permitted by section 306(c)(22).

Accordingly, the decision of the board is affirmed.

ORDER

Now, July 9, 1986, the order of the Workmen's Compensation Appeal Board, dated August 19, 1985, No. A-88054, is affirmed.