573 A.2d 265

**John LINKIEWICZ, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PULLMAN STANDARD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 12, 1990.

Decided April 19, 1990.

Alexander J. Jamiolkowski, Wallace, Chapas & Jamiolkowski, Pittsburgh, for petitioner.

Michael D. Sherman, Fried, Kane, Walters & Zuschlag, Pittsburgh, for respondent, Pullman Standard Co.

Before CRUMLISH, Jr., President Judge,
PELLEGRINI, J., and SILVESTRI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

John Linkiewicz appeals a Workmen's Compensation Appeal Board order upholding the referee and granting Pullman Standard Company's (Pullman) modification petition. Section 413 of The Pennsylvania Workmen's Compensation Act (Act).[1]  We affirm.

Linkiewicz, a railroad worker, fell from a railroad car and sustained a knee injury which rendered him unable to walk without crutches.  He received benefits for five years for total disability, whereupon Pullman filed a modification petition.  The referee granted the petition, concluding that Linkiewicz's total disability had resolved into a specific loss of use of his left lower leg for all practical interests and purposes as of the date of the injury.

■ Linkiewicz argues that a remand is necessary because the referee failed to make a specific finding that his loss was *permanent.*[2]

■ An employer seeking to establish that a claimant's injury is compensable as a specific loss rather than a total disability must prove that the claimant suffers a *permanent* loss of use of the injured body part for all practical intents and purposes. *Dally v. Workmen's Compensation Appeal Board (Pullman Standard)*, 82 Pa.Commonwealth Ct. 291, 474 A.2d 1215 (1984).  Section 306(c)(5) of the Act.[3] This question is one of fact to be resolved by the referee.

---

[1]  Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

[2]  Our scope of review in workmen's compensation appeals is limited to determining whether the Board committed an error of law, made findings of fact unsupported by substantial evidence, or violated constitutional rights.  *Gabriel v. Workmen's Compensation Appeal Board (No. 1 Contracting Corp.),* 102 Pa.Commonwealth Ct. 470, 518 A.2d 895 (1986).

[3]  This section reads in part: "For all disability resulting from *permanent* injuries of the following classes, the compensation shall be exclusively as follows...."  77 P.S. § 513(5) (emphasis added).

*Dally.* In *Joyce Western Corp. v. Workmen's Compensation Appeal Board (William P. Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988), the Supreme Court held that a claimant's specific loss is not permanent where reasonable surgery will restore some or all of its function. Correctibility of the injury is properly at issue where the employer alleges specific loss. *Id.* On appeal, this Court will view the evidence in the light most favorable to the party who prevailed below, giving him the benefit of all inferences reasonably deductible. *McGraw Edison/Power Systems Division v. Workmen's Compensation Appeal Board*, 64 Pa.Commonwealth Ct. 111, 439 A.2d 868 (1982).

Here, the testimony of Pullman's medical expert discloses that he examined Linkiewicz three times over a five-year period and concluded there was no change in Linkiewicz's condition and that his loss of use was confined to his lower left leg.[4] The referee permissibly credited this testimony and found that Linkiewicz had lost the use of his left lower leg for all intents and purposes. *Klaric v. Workmen's Compensation Appeal Board*, 71 Pa.Commonwealth Ct. 91, 455 A.2d 217 (1983).

Linkiewicz's treating physician also testified that surgical correction was not a viable alternative because of obesity and past history of phlebitis.[5] His doctor also testified that if Linkiewicz lost 150 to 200 pounds he "might" be better able to evaluate the knee and "surgery might be more considerable."[6] We conclude that the testimony supports a reasonable inference that Linkiewicz's specific loss was permanent.[7] *McGraw Edison.*

4. Deposition testimony of Dr. Victor E. Nieto, 6/26/86, (N.T.), pp. 8, 10.

5. N.T., Dr. Barry Hootman, 11/3/87, p. 5.

6. N.T., Dr. Barry Hootman, p. 16.

7. In *Reading Anthracite Co. v. Workmen's Compensation Appeal Board (Earley)*, 120 Pa.Commonwealth Ct. 577, 549 A.2d 616 (1988), this Court noted that a referee's failure to make a critical finding as to the permanency of an individual's specific loss necessitated a remand. There, the employer asserted that permanence of the claimant's specific loss of his right leg could be found in the employer's medical

Thus, there is ample evidence to support a finding that Linkiewicz's disability had resolved itself into a permanent specific loss, notwithstanding the referee's failure to use that precise term.

Accordingly, we affirm the Board.

PELLEGRINI, J., concurs in the result only.

## ORDER

The Workmen's Compensation Appeal Board Order, No. A–94724, dated July 24, 1989, is affirmed.

expert's testimony. This Court reviewed that testimony and concluded that the doctor's statement that the claimant was not capable of substantial gainful employment "at that time" could not support an inference that the referee had found claimant's specific loss was permanent. *Reading Anthracite Co.* is distinguishable, however, because here there is no conditional language in Dr. Nieto's testimony indicating Linkiewicz's specific loss is permanent.