591 A.2d 11

**ADDY ASPHALT COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SEBASTIANELLI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 8, 1991.

Decided May 9, 1991.

Petition for Allowance of Appeal Denied
Sept. 6, 1991.

594

James E. Pocius, for petitioner.

Gene E. Goldenziel, for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Addy Asphalt Company (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision that Gino Sebastianelli (Sebastianelli) suffered a permanent loss of use of his left eye. We affirm.

According to the referee's findings, on June 6, 1986, Sebastianelli suffered a work-related injury to his left eye caused by an intraocular foreign body after he struck a metal door with a hammer. He filed for disability compensation which he received until he returned to work.[1] On November 1, 1987, Sebastianelli filed a claim petition alleg-

1. Sebastianelli filed for compensation on June 29, 1987 and returned to work on October 5, 1987.

ing loss of use of his left eye.[2]  Sebastianelli wears a corrective contact lens in his left eye to aid visual acuity.

The sole issue presented for our review is whether Sebastianelli suffered a specific loss of use of his left eye for all practical intents and purposes [3] and is thus entitled to additional compensation for the specific loss.[4]  The question of whether vision is lost for all practical intents and purposes is a mixed question of law and fact.  *Bauer v. Workmen's Compensation Appeal Board (Ram Construction Co.)*, 102 Pa.Commonwealth Ct. 26, 517 A.2d 568 (1986); *George v. Workmen's Compensation Appeal Board*, 63 Pa.Commonwealth Ct. 23, 437 A.2d 521 (1981).

Based upon the evidence submitted, the referee found:

.    .    .    .    .

10.  (b) That on June 6, 1986, as a result of the work injury to his left eye, he (Sebastianelli) sustained a traumatic cataract which necessitated surgical removal of the cataract and lens. in the left eye, which is permanent in nature.

(c) That absence of the lens in his left injured eye, claimant's visual acuity would allow him to see at five (5) feet, what he should be able to see at one hundred (100) feet.

(d) That the use of his left injured eye, uncorrected, with the good eye would not help his overall vision, but would create visual confusion and could be detrimental to claimant because of the visual confusion.

2.  The claim petition was filed under Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513.

3.  In determining whether a claimant has suffered a specific loss of the use of an eye, the standard is whether the injured eye was lost for all practical intents and purposes.  *Tesco Tank Center, Inc. v. Workmen's Compensation Appeal Board (Zmarzley, Jr.)*, 107 Pa.Commonwealth Ct. 469, 528 A.2d 1036 (1987).

4.  Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed and whether necessary findings of fact are supported by substantial evidence.  *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990).

(e) That claimant was fitted with a contact lens for the left injured eye which was successful and allowed claimant visual acuity of 20 over 40 minus one letter, and the ability to have overall fairly good vision using both eyes with the lens.

(f) Since claimant's contact lens was successful, an intraocular implant would not be feasible or performed by specialist in the field because of the risk benefits ratio. Said surgical implant is greater than minimal risks and offers no high probability of success in view of claimant's corrective contact lens, and the risk of losing all sight in the left injured eye, by the proposed medical procedure if taken, would be unreasonable.

11. This Referee finds for the purpose of Workers' Compensation, claimant's injured left eye must be determined without reference to beneficial use of a contact lens.

12. This Referee therefore finds claimant has lost the permanent use of his left eye, for all practical intents and purposes, all of which was causally related to his work injury with the defendant on June 6, 1986.

Employer asserts that the referee erred in finding that Sebastianelli suffered a specific loss of use of his left eye for all practical intents and purposes because Sebastianelli's vision is improved with the use of a contact lens. Specifically, Employer argues that while the prevailing policy and established case law of this Court has been to determine specific loss of an eye without the use of corrective lenses, that standard has recently changed. Employer contends that in the case of *Joyce Western Corporation v. Workmen's Compensation Appeal Board (William P. Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988), the Supreme Court enunciated a new standard with regard to specific loss when it stated that loss of use of a member is not permanent where surgery will restore some or all of its function, thus precluding the finding of a specific loss.

Relying upon *Joyce*, Employer notes that correctability of the injury is properly at issue in a specific loss case and that

if an injury could be corrected with reasonable medical treatment, "it is axiomatic that the use of the injured body part is not permanently lost." *Joyce*, 518 Pa. at 201, 542 A.2d at 995. While we agree with Employer that *Joyce* requires application of the new standard of reasonableness of surgical and/or medical treatment in a specific loss case, we do not agree that the standard is applicable in the case *sub judice.*

In *Joyce*, the issue was whether a claimant was entitled to compensation for the permanent loss of a body part (eye) when his condition could be remedied through reasonable surgery. In the instant case, Sebastianelli did not refuse surgical treatment as did the claimant in *Joyce*. Rather, it was medically determined that surgery was not recommended and that the most reasonable treatment was continued use of the contact lens. The referee specifically found that Sebastianelli had previously undergone surgery for the removal of a cataract and lens in his left eye and that additional surgery was unreasonable in light of the effectiveness of the contact lens.

It was medically undisputed that without a corrective lens in his left eye, Sebastianelli had lost the use of his eye for all practical intents and purposes. R.R. at 76a. The doctor testifying on behalf of Employer also stated that while an intraocular implant was an option for correcting vision loss, the implant would not be considered since the contact lens was successful. Hence, remedying Sebastianelli's visual condition through surgery was not a consideration in this case and the *Joyce* standard is inapposite. Our reading of *Joyce* does not imply application of the reasonableness standard other than for remedying a condition through a surgical and/or medical procedure. Use of a correcting contact lens does not equate with such a surgical and/or medical procedure.

We have previously acknowledged, and now reiterate that while:

the use of contact lenses are more common than other prosthetic devices, we, nonetheless, conclude that where a

work-related injury creates the need for such a device to restore normal vision, the proper focus is and must remain upon the uncorrected eye. Any change in the law due to medical advancements should come from the legislature, not from this Court. (Footnote omitted).

*Tesco,* 107 Pa.Commonwealth Ct. at 473, 528 A.2d at 1038.

On the basis of the foregoing, we affirm the determination that Sebastianelli suffered a permanent loss of use of his left eye for all practical intents and purposes.

## ORDER

AND NOW, this 9th day of May, 1991, the order of the Workmen's Compensation Appeal Board is affirmed.