616 A.2d 767

ABINGTON MEMORIAL HOSPITAL, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL
BOARD (WYCHE), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1992.

Decided Oct. 23, 1992.

Reargument Denied Dec. 15, 1992.

David L. White, Bonnie J. Bay, for petitioner.

F. Barbara Danien, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Abington Memorial Hospital (hospital) appeals a Workmen's Compensation Appeal Board (board) order affirming the referee's decision awarding disability benefits to Louis Wyche.

The hospital also appeals the board's order denying its petition for a rehearing.[1]

Wyche was employed as a sanitation worker at the hospital. He filed a claim petition alleging he suffered a ventral hernia on March 15, 1988 that was caused by lifting a heavy trash can at work. The hospital answered his petition denying every material allegation of Wyche's claim. The referee concluded after a hearing on his petition that Wyche met his burden of proving he sustained a compensable injury in the course of his employment. The board affirmed the referee's decision.

On appeal, the hospital raises three issues: (1) whether the board erred in declining to suspend Wyche's benefits for his failure to avail himself of a reasonable medical treatment—i.e., surgery to correct his hernia; (2) whether the board's decision was contrary to our Supreme Court's holding in *Joyce Western Corporation v. Workmen's Compensation Appeal Board (Fichthorn)*, 518 Pa. 191, 542 A.2d 990 (1988); and (3) whether the board abused its discretion in denying the rehearing petition.[2]

■ Section 306(f)(4) of the Workmen's Compensation Act (Act),[3] relevant to present appeal, provides:

the employer shall provide payment for medicines and supplies, hospital treatment, service and supplies and orthopedic appliances, and prostheses. The cost for such hospital treatment, service and supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals. *If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medi-*

1. These appeals were consolidated by order of this Court on November 25, 1991.

2. Our scope of review of a decision of the Workmen's Compensation Appeal Board is limited to determining whether constitutional rights were violated, an error of law was committed or necessary findings of fact were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Universal Trucking Inc. v. Workmen's Compensation Appeal Board (Hassell)*, 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988).

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(4).

*cines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.* (emphasis added).

The hospital argues that Wyche's benefits should have been forfeited or suspended because he refused reasonable surgical services that were available to him. It refused to pay for Wyche's hernia operation unless he sought payment from his hospital sponsored health care plan. (Finding of Fact No. 7, Referee's decision, 3/16/90). On this basis, the hospital has contested liability because, it contends, it would have "paid for" the operation via the employer-sponsored medical plan, and since Wyche did not have the operation, he refused reasonable medical services. However, the hospital cannot, on the one hand, disclaim liability for the injury and, on the other hand, invoke section 306(f)(4) to disqualify Wyche, because section 306(f)(1) of the Act establishes a "schedule of compensation," including payment of reasonable medical services, for which an employer is liable once it is determined a work-related disability has occurred.

We cannot agree with the hospital's contention that it is essentially providing payment for the operation because it advised Wyche to submit a claim for the operation to his health care plan. Even if a claimant is fortunate enough to have medical coverage, albeit paid for by his employer, an employer cannot shun its responsibilities for medical payments by asserting that the employee can avail himself of that employer-provided medical coverage in lieu of payment by the employer or the employer's workmen's compensation carrier. This arrangement would no doubt be advantageous to an employer, who would then not need to look to its worker's compensation carrier—or to itself if self-insured—for coverage. However, the Act does not allow it. Section 306(f)(1) plainly states, "[t]he *employer* shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, and as when needed." (emphasis added).

■ Next, the hospital argues that the referee and the board's decision was nonetheless contrary to our Supreme Court's holding in *Joyce Western*, where, interpreting Section 306(f)(4) of the Act, the Court stated:

the 1972 Amendments to the Act eliminated the tender requirement previously contained in Section 306(f). The Section now simply contemplates a employee's refusal of reasonable services. See 306(f)(4) of the Act, 77 P.S. § 531(4). Reading this section in conjunction with Section 306(f)(1), of the Act, 77 P.S. § 531(1), *it is clear that the legislature is maintaining the employer's obligation to pay for reasonable medical treatment, while imposing a duty on the employee to avail himself of these services.* Thus, no affirmative showing of having tendered medical services need be made before an employer may invoke the forfeiture provisions of Section 306(f)(4) of the Act, 77 P.S. § 531(4).

Alternatively, appellee suggests that forfeiture of benefits under this Section may be ordered only in a termination proceeding, rather than in an entitlement proceeding, which was conducted in this case. This argument ignores the essential distinction between a disability case and a specific loss case.

In a disability matter, an employee sustains a work-related injury and is awarded compensation for that period during which he is unable to work. *Thereafter,* the employer may seek to terminate disability benefits on the authority of Sections 306(a) and 306(b) of the Act, 77 P.S. §§ 511, 512, which specifically provide that compensation shall be paid so long as the disability continues. *A termination proceeding will then be commenced, perhaps on the basis of Section 306(f)(4) of the Act, 77 P.S. § 531(4), or simply on the ground that the employee is no longer disabled.* In a specific loss case, there is no need for a subsequent proceeding after a determination that a qualifying specific loss has been sustained. However, since the legislature included specific loss cases within the context of Section 306(f)(4) of the Act, 77 P.S. § 531(4), it is clear that the issue of an employee's refusal of reasonable medical services may be

considered at the appropriate forum, i.e., at the entitlement hearing. (emphasis added).

Thus, the hospital argues, it is not required to tender reasonable medical services to Wyche before he can be disqualified from benefits for refusing them. We find the hospital's reliance on *Joyce Western* misplaced.

The Supreme Court in *Joyce Western* determined in a *specific loss claim* that a claimant may not receive compensation for the permanent loss of a body part when his condition could be remedied through reasonable surgery, and that an employee's refusal of reasonable medical services may be considered at the hearing on entitlement to specific loss benefits. *Id.* at 201, 542 A.2d at 995. The stipulated issue there was whether the claimant met the statutory requirements for specific loss benefits. *Id.* at 194, 542 A.2d at 991. That issue turns on the question of permanency of the loss of use, without regard for disability, *Id.* at 199, 542 A.2d at 994, *after* it has been determined there has been a work-related injury which resulted in the specific loss. That is not the the situation before us.

We agree it is a correct statement of the law to say an employer is not required to *tender* medical services in order to invoke the Act's forfeiture provisions in either disability or specific loss claims. However, in *Joyce Western,* our Supreme Court recognized the simultaneous obligations of the employer to pay for reasonable medical services and of the employee to avail himself of those services. The Court held that, in a disability claim proceeding, the Act contemplates that "an employee sustains a work-related injury and is awarded compensation.... Thereafter, the employer may seek to terminate.... A termination proceeding will then be commenced, perhaps on the basis of Section 306(f)(4) [refusal of reasonable medical services], or simply on the ground that the employer is no longer disabled." *Id.* at 200, 542 A.2d at 995. The Court also stated, "it is clear that the legislature is maintaining the employer's obligation to pay for reasonable medical treatment, while imposing a duty on the employee to avail himself of these services." *Id.* at 200, 542 A.2d at 995.

■ Wyche cannot have availed himself of reasonable medical services if the hospital has, as we have stated, refused in the first place its obligation to pay for them. An employer's obligation for disability compensation cannot be avoided by the assertion that an injury is correctable by medical procedures and the claimant has the means to obtain them. As noted in *Joyce Western,* there is an "essential distinction between a disability case and a specific loss case." *Id.* at 200, 542 A.2d at 995. That distinction requires a referee to determine first that a work-related injury has occurred, and then that the employer has provided reasonable medical treatment. The board's decision is not contrary to *Joyce Western.*[4]

■ The hospital's final argument is that the board abused its discretion in denying the hospital's rehearing petition because the Hospital submitted to the board a detective's report allegedly establishing Wyche was gainfully employed. The grant or denial of rehearing is left to the discretion of the board, and this Court will not disturb that decision absent a clear abuse of discretion. *UGI Corp. v. Workmen's Compensation Appeal Board (Wagner),* 130 Pa.Commonwealth Ct. 42, 566 A.2d 1264 (1989). In considering not to grant rehearing based on after-discovered evidence, the board is not bound by standards employed by courts in determining whether to grant a new trial based on after-discovered evidence. Rather, it is within the board's broad power to grant rehearing when justice so requires. *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988).

**4.** The hospital also relies in this appeal on *Muse v. Workmen's Compensation Appeal Board,* 514 Pa. 1, 522 A.2d 533 (1987), where the claimant sustained a work-related injury, and received total disability benefits. Surgery was performed to correct the injury, a bilateral hernia, and subsequently, the claimant executed a final receipt. Benefits were reinstated several years later, when it was discovered the surgery caused further complications. The employer's physician recommended a second operation which the claimant refused. Thereafter, the employer petitioned for modification based on Section 306(f) of the Act. The critical difference between *Muse* and the present case is there was an award of benefits in *Muse* and thus a determination of work-related disability, and a subsequent refusal to undergo a medical procedure by the claimant.

■ The hospital contends that this case is similar to *Ogden Aviation v. Workmen's Compensation Appeal Board (Price)*, 134 Pa.Commonwealth Ct. 389, 579 A.2d 444 (1990), where this Court found the board abused its discretion in denying the employer's petition for a rehearing, based on a sworn affidavit of a private investigator, hired by the Employer, that revealed the claimant was employed while receiving full disability benefits. The claimant in *Ogden* admitted in her answer to the rehearing petition the allegations of her new employment. Here, the board was presented with an unsworn report that did not substantiate any wages received by Wyche, and Wyche has not admitted in his answer to the employment alleged. The hospital's reliance on *Ogden* is mistaken. Moreover, the report submitted by the hospital stated, "[f]rom the date of loss to the present, there was no record of any reported wages."[5] We cannot say that the board abused its discretion in denying the petition for a rehearing based on the allegation of after-discovered evidence which the hospital offered.

Accordingly, the board's orders are affirmed.

## ORDER

AND NOW, this 23rd day of October, 1992, it is hereby ordered that the decisions of the Workmen's Compensation Appeal Board at Nos. A90–779, dated July 15, 1991, and 4991, dated October 28, 1991, are hereby affirmed.

5. Rehearing Petition, 8/21/91, Defendant's Exhibit No. 3.