648 A.2d 88

Darryl MOORE, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (PRATT TEMPORARY SERVICE), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 15, 1994.

Decided Sept. 6, 1994.

Thomas P. Pfender, for petitioner.

Ann Marie Hassenfratz, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Darryl Moore petitions this Court for review of a Workmen's Compensation Appeal Board (Board) order which affirmed a referee's decision granting his claim petition from November 20, 1990 through July 26, 1991, but declaring his benefits forfeited thereafter.

The referee made the following relevant findings of fact:

On November 19, 1990, Moore was injured while in the employ of Pratt Temporary Service (Pratt) and working as a truck loader for AirCo Welding Supplies (AirCo). Moore was immediately treated for his injuries at the Parkview Medical Center and released after x-rays were taken. Moore adduced the testimony of Dr. Gregory A. Nelson, a board-eligible internist, to support his position. In support of its case, Pratt adduced the testimony of Dr. Andrew Newman, a board-certified orthopedic surgeon.

Moore first saw Dr. Nelson on December 4, 1990 and last visited him on February 22, 1992. As of the latter date, Dr. Nelson diagnosed chronic strain and sprain of the myoligamentous structures of the cervical and lumbar regions. Dr. Nelson opined that Moore's disability was the direct result of his work injury of November 19, 1990. According to Dr. Nelson, Moore could not go back to his time-of-injury job or to any other kind of employment. Dr. Nelson believed, however, that if Moore strengthened his upper back and neck muscles and increased flexion in his abdominal and lumbar regions he could go back to work. Dr. Nelson felt that Moore should receive physical therapy three times per week, and he encouraged him to do so.

Pratt's medical expert, Dr. Newman, performed examinations of Moore on June 26, 1991 and January 15, 1992. After his June 26, 1991 examination, Dr. Newman believed that Moore had a dorsal strain and sprain, and he advised him to receive physical therapy to his dorsal spine. Dr. Newman felt

that this physical therapy would permit Moore to go back to work in approximately three to four weeks. On January 15, 1992, Moore told Dr. Newman that he had not taken his physical therapy advice; instead, he had proceeded on an intermittent basis with Dr. Nelson's physical therapy advice. Moore, without excuse, did not go to any physical therapy sessions from June 22, 1991 through August 1, 1991. Dr. Newman opined that an exercise program is worthless if it is not pursued continuously.

The referee specifically accepted the testimony of Dr. Newman that, had Moore followed the physical therapy regimen prescribed by him on June 26, 1991, he would have been able to go back to his time-of-injury job in approximately three to four weeks, or by July 26, 1991. The referee further found that, because Moore engaged in physical therapy only intermittently, his physical therapy was unreasonable and unnecessary after June 26, 1991. (Referee's Findings of Fact, Nos. 1–2, 6–7 and 9–18, March 12, 1993.)

The referee concluded that Moore met his burden of proving he had sustained a totally disabling, work-related injury on November 19, 1990. As a result, he awarded Moore benefits from November 20, 1990 through July 26, 1991. He nonetheless concluded that because Moore did not pursue physical therapy as prescribed, he had forfeited his benefits as of July 27, 1991 under Section 306(f)(4) of the Workmen's Compensation Act.[1] (Referee's Conclusions of Law, Nos. 1–2, March 12, 1993.)

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(4). Section 306(f)(4) of the Act provides in pertinent part:

The following schedule of compensation is hereby established:

(4) In addition to the above service, the employer shall provide payment for medicines and supplies, hospital treatment, services and supplies and orthopedic appliances, and prostheses. The cost for such hospital treatment, service and supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals. If the employe shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal.

On appeal, the Board affirmed. A petition for review to this Court followed.

Moore now raises two issues for our consideration: 1) whether the Board erred in affirming that part of the referee's decision which suspended his benefits for refusal of reasonable medical services, since Pratt denied all liability in its answer and did not plead that issue as an affirmative defense; and 2) whether the Board erred in affirming that part of the referee's decision which suspended Moore's benefits as of July 27, 1991, since substantial evidence does not exist to support a suspension on that date.[2]

First, Moore argues that this Court's decision in *Abington Memorial Hospital v. Workmen's Compensation Appeal Board (Wyche)*, 151 Pa.Commonwealth Ct. 258, 616 A.2d 767 (1992), *alloc. granted*, 534 Pa. 641, 626 A.2d 1159 (1993) supports his assertion that he has not forfeited any of his entitlement to compensation. In *Abington*, the employer hospital appealed a Board order affirming a referee's decision that claimant Louis Wyche was entitled to benefits. On appeal, the hospital asserted that Wyche's benefits should have been either forfeited or suspended due to his refusal of reasonable medical services. The hospital made this argument although it had refused to pay for Wyche's hernia operation if he did not seek payment from the health care plan it sponsored, and although it had answered Wyche's claim petition by denying each and every one of his material allegations.

We stated in that case that

the hospital cannot, on the one hand, disclaim liability for the injury and, on the other hand, invoke section 306(f)(4) to disqualify Wyche, because section 306(f)(1) of the Act establishes a "schedule of compensation," including payment of

77 P.S. § 531(4).

---

2. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

reasonable medical services, for which an employer is liable once it is determined a work-related disability has occurred. *Id.* 151 Pa.Cmwlth. at 261, 616 A.2d at 769.

Similarly, we agree with Moore that Pratt could not deny all liability for Moore's disability and, at the same time, argue that he forfeited benefits due to his refusal of reasonable medical services Pratt would have been obligated to provide if Moore's disablement was determined to be work-related, as was the case here.[3]  Contrary to Pratt's assertion, our Supreme Court's decision in *Joyce Western Corporation v. Workmen's Compensation Appeal Board (Fichthorn)*, 518 Pa. 191, 542 A.2d 990 (1988) does not, as we acknowledged in *Abington*, render this analysis erroneous merely because the Court therein concluded that an employer has no duty to tender services before section 306(f)(4) can be applied.

While in *Joyce Western*, a *specific loss case*, the Supreme Court stated that "[t]here is no longer a statutory requirement that the employer actually *tender* the services to the employee before the forfeiture provisions of Section 306(f)(4) of the Act, 77 P.S. § 531(f)(4), apply[,]" *id.* at 199, 542 A.2d at 994 (emphasis in original), that Court explained that sections 306(f)(4) and 306(f)(1), when read together, make it "clear that the legislature is maintaining the employer's obligation to pay for reasonable medical treatment, while imposing a duty on the employee to avail himself of these services." *Id.* at 200, 542 A.2d at 995.

The *Joyce Western* Court then proceeded to reject the claimant's contention that, in a *specific loss case*, in contrast to a case involving a claim for disability, forfeiture of benefits can only be ordered in a termination proceeding.  In so rejecting this contention, the Court said that the claimant's argument in that regard "ignores the essential distinction between a disability case and a specific loss case." *Id.*

As we stated in *Abington*:

3. We note that this is true even though Moore was informed by letter dated January 30, 1992 that Pratt's insurance carrier was willing to arrange and pay for the treatment prescribed by Dr. Newman, since the referee ordered Moore's benefits forfeited as of July 26, 1991.

[I]n Joyce Western, our Supreme Court recognized the simultaneous obligations of the employer to pay for reasonable medical services and of the employee to avail himself of those services. The Court held that, in a disability claim proceeding, the Act contemplates that "an employee sustains a work-related injury and is awarded compensation.... Thereafter, the employer may seek to terminate.... A termination proceeding will then be commenced, perhaps on the basis of Section 306(f)(4) [refusal of reasonable medical services], or simply on the ground that the employer [sic] is no longer disabled." Id. at 200, 542 A.2d at 995.

. . . . .

Wyche cannot have availed himself of reasonable medical services if the hospital has, as we have stated, refused in the first place its obligation to pay for them.

Id. 151 Pa.Cmwlth. at 263–264, 616 A.2d at 770. (Emphasis in original.)

The fact that an employer is not required to tender medical services before invoking section 306(f)(4) does not mean that an employer can deny liability and invoke that section. Only after the referee had determined that Moore met his burden of proving a work-related disability could Moore have been held, *in a termination proceeding*, in which the employer has the burden of proof, to have forfeited those benefits pursuant to section 306(f)(4). Although requiring an employer to file a termination petition on the basis of section 306(f)(4) rather than allowing a forfeiture of benefits in an entitlement proceeding based on that section might seem to lengthen the claim process unnecessarily, *Joyce Western* compels such a result. Certainly, we cannot argue with its logic where, as here, as in *Abington,* the employer denied all liability relating to the claim.[4]

## ORDER

AND NOW, this 6th day of September, 1994, the order of the Workmen's Compensation Appeal Board, No. A93–0928,

4. Due to our disposition of this case, we need not address Moore's second issue.

dated February 28, 1994, is reversed insofar as it affirms the forfeiture of Moore's benefits as of July 27, 1991.