**Phyllis AGNELLO, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (OWENS–ILLINOIS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 7, 2006.

Decided Sept. 14, 2006.

John T. Hofrichter, Washington, for petitioner.

Peter A. Pentz, Erie, for respondent.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.[1]

Phyllis Agnello (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) denying her claim petition because she did not suffer a permanent disfigurement to the head, neck or face when she lost three lower front teeth as a result of a work injury.

Claimant was employed by Owens–Illinois (Employer) when on January 7, 2004, she fell sustaining injuries to her neck, jaw and teeth. She received total disability benefits pursuant to a notice of compensation payable which described her injuries as a chin contusion, cervical strain and a loosening of two of her lower front teeth. Claimant sought medical treatment and ultimately was determined to have suffered a break in her lower jaw requiring the removal of three teeth. Thereafter, Claimant had her remaining lower teeth removed for non-work-related reasons and replaced with a full lower denture.[2]

In November 2004, Claimant filed a claim petition seeking an award for permanent disfigurement related to the loss of three of her lower front teeth, and Employer filed an answer denying any disfigurement. Two hearings were held before the WCJ at which the WCJ was visually able to observe Claimant. At one of the hearings, Claimant presented a pre-injury photograph of herself exhibiting what the WCJ described as a "large toothy grin." (WCJ's June 7, 2005 decision, finding of fact no. 4.)

Claimant testified that as a result of her injury, she went to a surgeon who determined that she had broken her bottom jaw resulting in the loss of three lower teeth in the front of her mouth. (Reproduced Record at 29a–30a.) She stated that at the hearing, she was wearing a full lower plate in her mouth or a denture which she removed on a daily basis. (Reproduced Record at 30a.) At the WCJ's request, Claimant removed her dentures, opened her mouth and then closed her mouth as if she was smiling. She also attempted to smile as she did in the picture she submitted into evidence. Claimant testified that she did not feel that she had the same appearance as she had with her natural teeth before the accident because her jaw line was different and the dentures made her face look bigger/fuller. She also stated that

1. This case was reassigned to the author on August 11, 2006.

2. Claimant also had her lower wisdom teeth removed. Claimant had previously had her upper teeth removed for non-work-related reasons and replaced with a full denture.

other people had told her that she had changed in appearance and noted that her teeth weren't her own. (January 13, 2005 hearing transcript at 37a.)

The WCJ ultimately denied Claimant's petition based on his observations of her because he was unable to find she had a serious and permanent disfigurement of the head, neck or face which produced an unsightly appearance from her work injury. Specifically, the WCJ stated in finding of fact no. 5:

> When I asked her repeatedly to show us a similar large toothy grin with and without her lower dental plate, I was unable to see her lower teeth above her lower lip *and was really unable to see any difference with or without her lower teeth.* Her upper teeth are artificial. Several of her lower molars were missing immediately before the subject work injury. (Emphasis added.)

(WCJ's June 7, 2005 decision at 2.) Without viewing Claimant, the Board affirmed stating that "[b]ecause Claimant has a lower denture, the absence of the three teeth at issue is not noticeable." (Board's March 7, 2006 decision at 3.) This appeal by Claimant followed.[3]

 Claimant contends that the Board erred in denying her claim petition because the loss of her three lower teeth resulting from her work injury constituted a serious, permanent disfigurement of the head, neck or face such that it produced an unsightly appearance. Section 306(6)(c)(22) of the Workers' Compensation Act (Act)[4] provides for an award of benefits for a serious and permanent disfigurement of the head, neck or face that produces an unsightly appearance and is not usually

incident to the employment. While this Court has decided numerous disfigurement cases, only a few have dealt specifically with the loss of teeth and prosthesis.

In *School District of Philadelphia v. Workmen's Compensation Appeal Board (Gardiner)*, 98 Pa.Cmwlth.580, 511 A.2d 947 (1986), a teacher was attacked at school by students and, among other injuries, lost four front teeth, her two upper central incisors and her two upper maxillary lateral incisors. At the hearing before the WCJ, she wore a fixed bridge prosthesis where the four teeth had been and offered pictures of herself without the bridge. The WCJ found that there was "[a] quite noticeable absence of the maxillary central incisors and a noticeable partial absence of the maxillary lateral incisors. Further the loss of the aforesaid piece detrimentally affects the Claimant's overall appearance." Despite arguments by the employer that the WCJ should not have awarded benefits because he based his decision on the comparison of the picture of the claimant without the bridge and with her bridge at the hearing instead of her appearance before she was injured with her appearance with the bridge, we affirmed stating: "The previous appearance of the teeth as a whole as part of the head and face is a matter that is proper for the factfinder to consider. However, there are various circumstances which could prevent such a comparison. Thus, we cannot hold such a comparison to be indispensable to the grant of benefits. The presence of the bridge prosthesis does not eliminate the claimant's disfigurement altogether. Instead, it diminishes the effect." *Id.* at

---

3. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated or necessary findings of fact are supported by substantial evidence. *Graham v. Unemployment*

*Compensation Board of Review,* 840 A.2d 1054 (Pa.Cmwlth.2004).

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22).

948–949. Although *Gardiner* did not specifically hold that dentures should not be considered when determining whether there was a disfigurement, we now do so because they do not resolve the disfigurement, only mask it.

This outcome is also similar to that in *Addy Asphalt Company v. Workmen's Compensation Appeal Board (Sebastianelli)*, 139 Pa.Cmwlth.593, 591 A.2d 11 (1991), where a claimant suffered a left eye injury caused by an "intraocular foreign body after he struck a metal door with a hammer." *Id.* at 12. The claimant filed a claim petition alleging the loss of use of his left eye even though he wore a corrective contact lens in that eye to aid his visual acuity. There, the WCJ found that even though the employer argued that the claimant's vision was improved with the use of a contact lens, he still had lost the permanent use of his left eye for all practical intents and purposes. On appeal, we affirmed, explaining that had surgery and/or a medical procedure been an option and the claimant refused, the outcome would have been different, but because corrective lenses were not a permanent procedure, whether the claimant suffered loss of use of that eye was determined based on his uncorrected vision.

■ Applying that reasoning to this case, the WCJ clearly abused his discretion when he found that Claimant did not suffer from any disfigurement. When he had Claimant remove her lower denture and he saw that she had no lower front teeth, even, though, that only three of them were from the work injury, the removal of that piece detrimentally affected her overall appearance. Although Employer believes that the standard should be one where the WCJ only examines the Claimant with the prosthesis in place to determine if a disfigurement exists and the claimant is unsightly, that standard does not reflect the reality of how a claimant must live day in and day out. When reviewing disfigurement cases involving teeth, the WCJ needs to evaluate the claimant without his or her prosthesis. Only then can the WCJ get a true idea of the damage that has been done and the "unsightly appearance" that the claimant must face on a daily basis when not wearing it. Because Claimant had no teeth when she removed her denture, she proved that her disfigurement was serious and permanent and resulted in an unsightly appearance, and she was entitled to an award.

Accordingly, the order of the Board is reversed and the case remanded to the WCJ to make an appropriate award.

### ORDER

AND NOW, this 14th day of September, 2006, the order of the Workers' Compensation Appeal Board, dated March 7, 2006, No. A05–16106, is reversed and the case remanded to the WCJ to make an appropriate award.

Jurisdiction relinquished.

DISSENTING OPINION BY Senior Judge McCLOSKEY.

I respectfully dissent with the majority, although my compassion and sympathy lies with Phyllis Agnello (Claimant). The majority in this case has taken a disfigurement claim under Section 306(c)(22) of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22), and converted it into an entirely new category of specific loss under this same Section.

With the enactment of Section 306(c), our General Assembly crafted and defined at least twenty separate categories of specific loss benefits. These categories include benefits for the loss of a finger, toe,

hand, foot, leg, eye and for the loss of hearing. Most importantly, there is no separate category for the loss of teeth. Instead, a claimant must look to Section 306(c)(22) of the Act in order to recover benefits for such a loss. This Section specifically requires a "serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment...." 77 P.S. § 513(22).

In order for an appearance to be unsightly, I believe that there must be a visual impact upon the viewer, in this case the Workers' Compensation Judge (WCJ). As with any scar or disfigurement case, the WCJ would then present a description of the same in his/her findings of fact. After having the opportunity to observe Claimant at two separate hearings, the WCJ failed to find an unsightly appearance.[1] Nevertheless, I believe that the majority, in its empathy for Claimant, completely disregarded the factual findings of the WCJ. The majority essentially substituted its own findings for those of the WCJ, stating that Claimant's loss of three of her lower front teeth "detrimentally affected her overall appearance." (Majority Opinion, at 679).

To the contrary, in his findings of fact, the WCJ indicated that he was "unable to see [Claimant's] lower teeth above her lower lip" or to "see any difference with or without her lower teeth." (WCJ's Decision, Finding of Fact No. 5). Hence, the record in this matter is devoid of any evidence that supports a finding of an unsightly appearance. Yet, the majority reaches the conclusion that the WCJ abused his discretion in finding a lack of disfigurement. In reaching this conclusion, the majority relies heavily upon our prior decision in *School District of Philadelphia v. Workmen's Compensation Appeal Board (Gardiner)*, 98 Pa.Cmwlth.580, 511 A.2d 947 (1986), *petition for allowance of appeal denied*, 514 Pa. 626, 522 A.2d 51 (1987).

However, I believe that such reliance by the majority is misplaced. Admittedly, we essentially held in *Gardiner* that a bridge prosthesis does not eliminate a claimant's disfigurement in the nature of a loss of teeth, but only diminishes the effect. The majority expands that holding to conclusively state that "dentures should not be considered when determining whether there was a disfigurement...." (Majority Opinion, at 679). I agree with such a holding.

Still, while it appears that the Board focused on Claimant's dentures in concluding that Claimant did not suffer a serious and permanent disfigurement, I do not believe the WCJ focused exclusively on these dentures. Rather, as noted above, the WCJ premised his decision on his viewing of Claimant. As the majority noted in its discussion of *Gardiner,* the WCJ in that case specifically found "[a] quite noticeable absence of the maxillary central incisors and a noticeable partial absence of the maxillary lateral incisors" that "detrimentally affects the Claimant's overall appearance." *Gardiner,* 511 A.2d at 948. I believe these findings distinguish *Gardiner* from the matter presently before this Court.

Again, while I am sympathetic to Claimant, I believe that the manner in which the

---

**1.** The Board affirmed the decision of the WCJ. We note that Claimant did not appear at the Board's hearing and, hence, did not avail herself of the opportunity to have the Board view her.

majority grants her relief infringes upon the legislative authority of our General Assembly and essentially carves out a completely new category of specific loss benefits. For these reasons, I would affirm the order of the Board.