565 A.2d 212

**GOLDEN BAY EARTHQUAKES and Employee's Benefits Insurance, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BROOKS), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1989.

Decided Oct. 23, 1989.

Reargument Denied Dec. 28, 1989.

Roger B. Wood, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, for petitioners.

Don P. Foster, Rubin, Quinn, Moss & Heaney, Philadelphia, for respondents.

Before BARRY and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Golden Bay Earthquakes and Employee's Benefit Insurance (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's order that John Brooks (Claimant) was entitled to receive payment of benefits for a complete loss of hearing in both ears under Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act).[1] We find that the Board erred in affirming the referee's order in the present case, where Claimant's work-related injury resulted in a complete loss of hearing in only his right ear, while the loss of hearing in Claimant's left ear had occurred during his childhood. Accordingly, we reverse the order of the Board insofar as it awards Claimant benefits for a complete loss of hearing in both ears, rather than a complete loss of hearing in one ear.

Claimant was employed as a professional soccer player by the Golden Bay Earthquakes, a professional indoor soccer team located in San Jose, California. On February 10, 1983, Claimant suffered a blow to the right side of his head while playing in a soccer game at the Pittsburgh Civic Arena. Claimant later filed a petition for compensation under the Act, claiming that he suffered a total loss of hearing.

In a hearing before the referee on October 12, 1983, Claimant testified that he had no hearing impairment in his

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8).

right ear prior to February 10, 1983, when he was struck in the head during a soccer game. Claimant testified that after suffering the blow, the hearing in his right ear decreased to the point where he had no hearing at all. (N.T., pp. 8–9). Claimant also testified that he had experienced a hearing loss in his left ear as a child, so that he was able to hear very little with that ear. (N.T., pp. 7–8).

The referee found that Claimant's non-work-related injury resulted in a complete loss of hearing in his left ear, and that his work-related injury resulted in a complete loss of hearing in his right ear. The referee then concluded that Claimant was entitled to receive compensation for a complete hearing loss under Section 306(c) of the Act, and awarded benefits for a 260 week period. The Board affirmed, stating that it was necessary to consider not only Claimant's actual injury, which resulted in his right ear hearing loss, but the effect of that injury, which was a complete hearing loss for all intents and purposes. Employer now petitions this Court to review the order of the Board.

■ Employer asserts that the specific loss provisions in Section 306(c) of the Act do not permit an award for complete loss of hearing in a situation such as the present case, where the work-related injury resulted in hearing loss to only one ear. Section 306(c) reads as follows:

For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

. . . .

(8) For the complete loss of hearing, in both ears, sixty-six and two-thirds per centum of wages during two hundred sixty weeks; for complete loss of hearing in one ear, sixty-six and two-thirds per centum of wages during sixty weeks. 77 P.S. § 513(8).

Our reading of this provision leads us to conclude that Employer's interpretation is correct; benefits for a complete loss of hearing are available under this subsection if

the complete hearing loss was the result of a work-related injury.

■ This result is in accord with the interpretation given Section 306(c) by our Supreme Court in *Lente v. Luci*, 275 Pa. 217, 119 A. 132 (1922). In *Lente*, the Court held that a person who entered into employment after having lost one eye, and then in the course of his employment lost his remaining eye, was entitled to benefits under Section 306(c) only for the loss of one eye. Claimant's position in the present case is analogous to that of the claimant in *Lente*, and he is entitled to no greater compensation for his hearing loss under Section 306(c) than that provided for the complete loss of hearing in one ear.

■ We also note that, since *Lente* was decided, the Legislature has amended the Act to create a second injury reserve fund. Section 306.1, 77 P.S. § 516. This fund provides additional benefits, in a few particular situations, to an employee who has suffered a loss in a work-related injury, and who had previously suffered a comparable loss prior to employment. However, the terms of this provision would not cover Claimant's situation because it does not include a reference to hearing loss:

> If an employe, who has incurred (through injury or otherwise) permanent partial disability, through the loss of use of, one hand, one arm, one foot, one leg or one eye, incurs total disability through a subsequent injury, causing loss, or loss of use of, another hand, arm, foot, leg or eye, he shall be entitled to additional compensation as follows: ...

Section 306.1, 77 P.S. § 516.

Furthermore, we do not find persuasive the Board's reliance on *Lukens, Inc. v. Workmen's Compensation Appeal Board (Parks)*, 92 Pa.Commonwealth Ct. 254, 499 A.2d 8 (1985). In *Lukens*, claimant suffered a loss of hearing in each ear resulting in a complete loss of hearing in both ears, and the hearing losses occurred at different times. However, the claimant in *Lukens* qualified for benefits for

a total loss of hearing under Section 306(c) because the hearing loss in each ear was a result of work-related injury. The claimant in *Lukens* did not suffer from a hearing loss prior to his employment, as did Claimant in the present case. Thus, *Lukens* is distinguishable from the case before us.

Therefore, we find that Claimant was not entitled to receive 260 weeks compensation for a complete loss of hearing under Section 306(c) of the Act, and we reverse the order of the Board only insofar as it awards Claimant benefits for a complete loss of hearing in both ears, rather than for a complete loss of hearing in one ear which he is entitled to under that Section. The remainder of the Board's order is affirmed.

Order is reversed in part and affirmed in part.

## ORDER

NOW, October 23, 1989, the order of the Workmen's Compensation Appeal Board, No. A–93285, dated November 14, 1988, is hereby reversed in part, only insofar as it awards Claimant benefits for a complete hearing loss in both ears rather than for a complete hearing loss in one ear. The remainder of the Board's order is affirmed.