631 A.2d 801

**BERKS COUNTY INTERMEDIATE UNIT, Petitioner**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (RUCKER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 24, 1993.

Decided Sept. 3, 1993.

Reargument Denied Oct. 4, 1993.

306

Richard A. Bausher, for petitioner.

Joseph T. Bambrick, Jr., for respondent.

Before CRAIG, President Judge, and DOYLE and McGINLEY, JJ.

DOYLE, Judge.

Berks County Intermediate Unit (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a referee granting benefits to Gloria Rucker (Claimant).

Claimant was employed by Employer as an aide in a day care center. She suffered a work-related injury in late May or early June of 1985 when she fell backward over some tires in the play yard. Claimant continued to work until December 17, 1985 when she was hospitalized due to her injury. On May 11, 1987 Claimant filed a petition for compensation alleging that she was disabled as of December 17, 1985 as a result of her injury. On June 29, 1989 the referee issued an order in which he made the following relevant findings of fact and conclusions of law:

*Findings of Fact*

. . . .

3. Claimant was employed with Defendant as an Aide at an average weekly wage of $124.25, with a resulting compensation rate of $112.00 per week.

4. Claimant was injured in late May or early June of 1985 when she fell backwards over some tires while attending to children. Claimant continued to work until December 17, 1985, when she was hospitalized due to her injury. Claimant has not worked in any capacity since December 17, 1985.

. . . .

7. In support of her petition, claimant presented the deposition testimony of her treating physician, Paul S. Brockman, M.D. It is the opinion of Dr. Brockman that Claimant is disabled as a result of injuries sustained in a fall occurring at work during the Summer of 1985.

8. Your referee accepts Dr. Brockman's unrebutted testimony that Claimant is disabled as a result of her work-related injury, which occurred during the Summer of 1985.

. . . .

*Conclusions of Law*

3. Claimant herein has met her burden of proof to establish that she sustained a work-related injury in late May or early June of 1985, within the meaning of the Act.

4. Claimant herein has met her burden of proof to establish that she is totally disabled as a result of her work-related injury, within the meaning of the Act.

Claimant was awarded benefits in the amount of $112.00 per week. Employer appealed to the Board arguing that Findings of Fact No. 3, 7 and 8 were not supported by substantial evidence. Employer also argued that the referee erred in concluding that Claimant proved all the elements necessary to support an award of benefits. The Board found that the figure reported as Claimant's average weekly wage was not supported by the record and remanded the case to the referee to accept additional evidence and testimony to establish the

actual average weekly wage of Claimant. The Board affirmed the order of the referee in all other aspects.

On remand, Claimant and Employer submitted a stipulation wherein they agreed that Claimant's average weekly wage as of May 1, 1985 was $128.65. The referee then ordered that Employer pay compensation to Claimant in the amount of $115.79 per week. Employer again appealed to the Board alleging, *inter alia,* that certain of the Findings of Fact (No. 4, 7 and 8) were not supported by substantial evidence. In an opinion dated September 4, 1992, the Board stated that it had decided the case on the merits in its previous order but remanded the matter to the referee to determine the proper compensation rate. The Board denied Employer's appeal because neither party had appealed to this Court the previous Board order issued May 1, 1991. The only issue which the Board was willing to consider was whether the compensation rate determined by the referee was supported by substantial evidence. The Board concluded that there was substantial evidence to support the referee's decision on the proper compensation rate. Accordingly, the Board affirmed the decision of the referee. Appeal to this Court followed.

On appeal, Employer raises two issues: (1) the Board erred in denying its second appeal on the ground that it previously decided the merits of the case, and (2) the referee's findings of fact on causation and disability were not supported by substantial evidence.[1]

■ Employer first argues that the Board erred in denying its appeal because Employer had not appealed the Board's first decision. Employer contends that the first order was interlocutory and not appealable as a matter of right. We agree.

1. Our scope of review of a decision of the Workmen's Compensation Appeal Board is limited to determining whether constitutional rights were violated, an error of law was committed or necessary findings of fact were not supported by substantial evidence. *Abington Memorial Hospital v. Workmen's Compensation Appeal Board,* 151 Pa.Commonwealth Ct. 258, 616 A.2d 767 (1992).

■ In *American Can Co. v. Workmen's Compensation Appeal Board*, 37 Pa.Commonwealth Ct. 169, 389 A.2d 263 (1978), this Court recognized three exceptions to the general rule that an order of the Board remanding a case to a referee is interlocutory. These exceptions were: the Board had no jurisdiction to remand because the appeal was untimely; or, there could be no result other than that reached by the referee on the basis of the record; or, the Board's action is based on a clear error of law. In *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 214, 414 A.2d 161 (1980), the Court overruled *American Can* and returned to the rule that a remand order of the Board is interlocutory and unappealable as a matter of right, without exception. In *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz)*, 116 Pa.Commonwealth Ct. 527, 542 A.2d 616 (1988), the Court reaffirmed and reasserted the language in *Murhon.*

> Our reasoning in Murhon remains viable now. Appellate courts ought not to be called upon to decide a case until every issue involved has been finally resolved in the proceedings before the trial court or administrative agency. Only then will our decision put to rest the opposing claims of the litigants. By holding fast to the Murhon rule, we remove all doubt for trial courts, administrative agencies and counsel for litigants as to our position with respect to the appealability of interlocutory orders. At the same time, we would be in complete compliance with Pa.R.A.P. 702(a) which authorizes appellate review of *"final* orders" (emphasis in original).

*FMC Corp.*, 116 Pa.Commonwealth Ct. at 530, 616 A.2d at 617.[2]

2.  An amendment to Pa.R.A.P. 311(f), which became effective on July 6, 1992, permits an appeal as of right from "an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion ..." Thus, a different result would be reached under this Rule. *See* Judge Barry's dissent in *FMC Corp.* Further, when our Supreme Court amended Pa.R.A.P. 311, it ordered that the amendments would apply only to actions commenced after July

While such legal error might require a remand to the Board in some circumstances, in this case the Board in its first decision of May 1, 1991, addressed the substantial evidence issue on the merits. (Opinion and Order of the Board, 5/1/91, p. 4) In the interest of judicial economy, we will review that decision now. A remand to the Board now would be pointless.

Employer contends that the testimony of Claimant's medical witness, Dr. Paul Brockman, does not establish that Claimant was disabled or that there is a causal relationship between the work-related incident and her alleged disability.

In a workmen's compensation case, the claimant has the burden of establishing all the elements necessary to support an award. *Ruhl v. Workmen's Compensation Appeal Board (Mac–It Parts, Inc.)*, 148 Pa.Commonwealth Ct. 294, 611 A.2d 327 (1992), *petition for allowance of appeal denied*, 533 Pa. 620, 619 A.2d 701 (1993). The claimant must not only establish an injury, she must also prove that the injury caused her to be disabled. *Cardyn v. Workmen's Compensation Appeal Board (Heppenstall)*, 517 Pa. 98, 534 A.2d 1389 (1987). Where there is no obvious causal connection between an injury and the alleged work-related cause, that cause must be established by unequivocal medical evidence. *Cromie v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.)*, 144 Pa.Commonwealth Ct. 37, 600 A.2d 677 (1991). Where medical testimony is necessary to establish a causal connection, the medical witness must testify, not that the injury or condition might have or possibly came from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause. *Lewis v. Workmen's Compensation Appeal Board*, 508 Pa. 360, 498 A.2d 800 (1985).

Claimant's medical history includes evidence of pre-existing degenerative lumbar disc disease (discharge summary from Reading Hospital and Medical Center, February 7, 1987). Therefore, the connection between Claimant's injury and her

6, 1992. Hence, because the present case was commenced before July 6, 1992, Pa.R.A.P. 311(f) does not govern this action.

alleged disability was not obvious and unequivocal medical evidence was needed to prove the connection. *Ruhl.*

■ We have carefully reviewed Dr. Brockman's deposition and conclude that it was insufficient to support an award of benefits. At no point did Dr. Brockman testify that Claimant was disabled. Moreover, even if Dr. Brockman had testified that Claimant was disabled, his testimony would be insufficient to establish the necessary causal connection. Dr. Brockman merely testified that the fall Claimant sustained *could* have caused the injuries that Claimant alleged.[3] Statements that an assigned cause "could have" been the cause of the condition have repeatedly been held by this Court to be legally insufficient to establish causation. *Lewis.*

Because there is no substantial evidence to support the referee's finding that Claimant was disabled as a result of a work-related injury, we must reverse the order of the Board.[4]

### *ORDER*

NOW, September 3, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

---

3. Throughout the deposition, counsel for Claimant makes reference to a report dated February 27, 1986, signed by Dr. Brockman. Apparently this report detailed the symptoms related to Dr. Brockman by Claimant and treatment which Dr. Brockman prescribed. This report was never admitted into evidence and consequently, is not part of the record.

4. We are compelled to comment on the quality of Claimant's brief. Claimant urges us to affirm the order of the Board because the decision has "been well reasoned and as such must be affirmed." This is the extent of the argument presented to us. We acknowledge that under Pa.R.A.P. 2112, the brief of the appellee need only contain a summary of the argument and a complete argument. However, a brief that contains a one sentence summary of the argument and a three paragraph argument will not generally serve to fully represent an appellee's interests.