SOUTHERN CHESTER COUNTY
HOSPITAL, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (SINSHEIMER),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 1996.

Decided May 14, 1996.

Peter M. Harrison, for Petitioner.

Thomas Russell, for Respondent.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

The Southern Chester County Hospital (Employer) appeals from the June 8, 1995 order of the Workmen's Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ), and granted payment of medical expenses to Eileen Sinsheimer (Claimant) by Employer, in accordance with the Workers' Compensation Act (Act).[1] We affirm in part and reverse in part.[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4.

2. We note at the onset that Claimant failed to comply with the December 20, 1995 order of

Claimant works as a billing clerk for Employer. On October 26, 1990, Claimant filed a claim petition averring that she sustained work-related right knee cartilage damage as a result of tripping on the macadam in Employer's parking lot on October 27, 1987. In her petition, Claimant only requested payment of medical expenses she incurred as a result of the alleged work-related injury. Hearings were held before a WCJ. During the pendency of those hearings, Employer filed a joinder petition averring that, at the time of Claimant's alleged injury, it was insured by a carrier different than the one alleged by Claimant.

In a February 8, 1994 decision (WCJ decision), the WCJ granted payment of medical expenses to Claimant, and denied Employer's joinder petition. The WCJ found credible the opinion and testimony of Claimant's physician that Claimant sustained a work-related knee injury on October 28, 1987.[3] The WCJ also found credible, however, the testimony and opinion of Employer's medical expert that Claimant's work injury resolved as of April 16, 1991. The WCJ awarded payment of medical expenses to Claimant by Employer. On appeal to the Board, Employer argued that the WCJ erred by not granting a termination of responsibility for those medical expense payments as of April 16, 1991. The Board affirmed the WCJ's decision in total. This appeal followed.

The sole issue presented by Employer on appeal is whether the Board committed an error of law by affirming, in total, the decision of the WCJ.[4] Specifically, Employer requests that this Court reverse, in part, the decisions of the WCJ and the Board to reflect that Employer is entitled to a termination of Claimant's benefits as of April 16, 1991.

The burden of proof that must be carried in workers' compensation cases depends upon the petition or petitions presented for adjudication. In an original claim petition, such as the present case, the burden of proof is on the claimant to prove all the elements necessary to support an award of compensation. *Berks County Intermediate Unit v. Workmen's Compensation Appeal Board (Rucker)*, 158 Pa.Cmwlth. 305, 631 A.2d 801 (1993). When an employer requests a termination of a claimant's benefits, by filing a termination petition, the burden of proof is placed on the employer to demonstrate by substantial medical evidence that all of a claimant's disability has ceased and terminated. *Victor's Jewelers v. Workmen's Compensation Appeal Board (Bergelson)*, 145 Pa.Cmwlth. 630, 604 A.2d 1127 (1992). However, this court has held, in the context of an original claim adjudication, that the claimant has a constant burden of proof, and that the employer can be granted a termination of claimant's benefits without the filing of a termination petition. *Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.)*, 155 Pa.Cmwlth. 102, 624 A.2d 757 (1993), *petition for allowance of appeal denied*, 535 Pa. 676, 636 A.2d 635 (1993). The Supreme Court, in *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993), added clarification to the burden of proof in an original claim petition. The court held that the claimant bears the burden of proving not only that a compensable injury occurred, but that the alleged disability continues throughout the pendency of the litigation. A WCJ is empowered under the Act to determine the period of disability awarded to a claimant, to award benefits accordingly, and to grant a termination of benefits where no

---

Senior Judge George Kelton, requiring Claimant to file a response brief within fourteen (14) days from the date of the aforementioned order.

**3.** Claimant, in her petition, alleged cartilage damage to her right knee. Both medical experts testified concerning Claimant's right knee. The WCJ, initially in his February 8, 1994 decision, discussed Claimant's right knee. We note, however, that the WCJ erroneously enumerated in Findings of Fact numbers 6, 8, and 11, and in Conclusions of Law numbers 2 and 4, that

Claimant's injury was to her left knee. We find this constitutes harmless error.

**4.** Our standard of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed, and whether all necessary findings of fact are supported by substantial competent evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994).

termination petition has been filed. *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis),* 166 Pa.Cmwlth. 141, 646 A.2d 51 (1994).

■ In the present case, as previously stated, the WCJ found the testimony of Employer's medical expert, Joseph Shatouhy, M.D. (Dr. Shatouhy), credible. In his June 5, 1992 deposition testimony, Dr. Shatouhy was asked what, if any, injury Claimant sustained on July 27, 1989. Dr. Shatouhy opined that Claimant sustained a new injury, in the form of patellar subluxation, that affected Claimant's knee and was superimposed over Claimant's pre-existing condition of patellar chondromalacia. (R.R. at 12a.) Dr. Shatouhy then went on to opine that Claimant's patellar subluxation had resolved as of his April 16, 1991 examination of Claimant. (R.R. at 14a.) Employer cites to the WCJ decision, specifically Finding of Fact Number 9, wherein the WCJ found:

> Dr. Joseph Shatouhy, M.D., is credible in [sic] convincing that he examined the Claimant April 16, 1991. Dr. Shatouhy is credible in [sic] convincing that as a result of reviewing the medical records and the examination of the Claimant he opined that Claimant suffered Patellar Subluxation **which had resolved by the date of his examination, April 16, 1991,** which was caused by the initial accident of 1987 and the 1989 incident was an aggravation and a Sequela [sic] of the first incident.

(WCJ decision at p. 4, emphasis added.) Employer argues that, because the WCJ found Dr. Shatouhy's testimony credible that Claimant's injury resolved, it was error not to grant Employer a termination of responsibility for medical expense payments as of April 16, 1991.

■ An employer is not responsible or liable for medical expenses after the date of a termination order. *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester),* 145 Pa.Cmwlth. 369, 603 A.2d

291 (1992). In this case it is plainly evident that the WCJ should have, by law, granted Employer a termination of Claimant's benefits as of April 16, 1991. The WCJ found credible the testimony of Employer's medical expert that Claimant's injury had resolved by that date.[5] There existed substantial evidence in the record to enable the WCJ to grant Employer a termination in this matter. The WCJ committed an error of law by failing to so find. The Board committed an error of law by affirming, in total, the WCJ Decision.

For the foregoing reasons, the decision of the Board is affirmed with respect to the WCJ's decision granting payment of medical expenses to Claimant as a result of her October 28, 1987 work-related injury. However, the Board's decision is reversed to reflect that Employer is entitled to, and is hereby granted, a termination of responsibility for medical expense payments as of April 16, 1991.

LORD, Senior Judge, concurs in the result only.

### ORDER

NOW, May 14, 1996, the decision of the Workmen's Compensation Appeal Board, dated June 8, 1995, at No. A94–0559, is affirmed with respect to the WCJ's decision granting payment of medical expenses to Claimant as a result of her October 28, 1987 work-related injury. However, the Board's decision is reversed to reflect that Employer is granted a termination of responsibility for medical expense payments as of April 16, 1991.

---

5. The WCJ is the exclusive arbiter of credibility and evidentiary weight. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck),* 664 A.2d 703 (Pa.Cmwlth.1995). Such determinations are not for this court to review.