**ROCKWELL INTERNATIONAL,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (SUTTON),**
Respondent.

Commonwealth Court of Pennsylvania.

Argued June 17, 1999.

Decided Aug. 10, 1999.

---

Albert S. Lee, Pittsburgh, for petitioner.

Joseph E. Fieschko, Jr., Pittsburgh, for respondent.

Before PELLEGRINI, J., FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue presented is whether the Workers' Compensation Appeal Board (Board) correctly reversed the decision of the Workers' Compensation Judge (WCJ) who denied Jeffrey Sutton (Claimant) workers' compensation benefits because he failed to meet his statutory burden of proving that his hearing impairment was caused by his employment at Rockwell International (Employer). We hold that Claimant did not meet his statutory bur-den of proving that Employer caused his hearing loss, and therefore, reverse the Board's decision, reinstate the decision of the WCJ, and deny Claimant benefits.

The relevant facts are as follows. Claimant worked for Employer from January 1973 to September 1992 during which time he was exposed to loud industrial noise. On September 6, 1995, Claimant filed a claim petition alleging a bilateral hearing loss. In support of his position, Claimant presented the testimony of Dr. Michael Bell, a board certified otolaryngologist, who gave a report on behalf of Claimant's hearing loss. He did not examine Claimant but reviewed an audiogram exam performed on him in 1996. The results showed Claimant suffered from a monaural impairment in the right ear of 7.5%, and in the left ear, 26.25% with a binaural handicap of 10.62%. It was Dr. Bell's opinion that Claimant's hearing loss was a result of his exposure to the noise. The WCJ did not find Dr. Bell's report credible.[1]

To rebut Claimant's position, Employer presented the testimony of Dr. Sidney Busis, a board certified otolaryngolist. Dr. Busis performed an independent audiological exam on Claimant in September 1996. Those results showed, according to AMA Guidelines, a 9.4% hearing impairment in Claimant's right ear, a 15% hearing impairment in his left ear, and a binaural hearing impairment of 10.3%. Dr. Busis opined that Claimant's post-employment progression of hearing loss was unrelated to the occupational noise at Rockwell. The WCJ found this testimony to be credible and denied Claimant benefits.

The Board reversed the WCJ's decision and order. The Board focused on the WCJ's alleged error in reducing age from the Claimant's alleged work-related hear-

---

1. The WCJ has complete discretion regarding questions of credibility and evidentiary weight. *Sherrod v. Workers' Compensation Appeal Board (Thoroughgood, Inc.),* 666 A.2d 383 (Pa.Cmwlth.1995). The WCJ is free to evaluate the evidence offered and may accept or reject, in whole or in part, the testimony of witnesses, including the medical witnesses. *Sellari v. Workers' Compensation Appeal Board (NGK Metals Corp.),* 698 A.2d 1372 (Pa. Cmwlth.1997). Therefore, when the expert testimony is in conflict, it is the role of the WCJ to make a determination as to which evidence is more credible.

ing loss measurements and granted Claimant benefits. However, the WCJ did *not* reduce age from Claimant's hearing loss measurements. The Board dedicated most of its opinion to this age reduction error, but failed to cite where in the WCJ's opinion the WCJ accepted it as a finding of fact. A careful review of the WCJ's opinion reveals that the WCJ made no such finding.

On appeal,[2] Employer argues that in awarding Claimant hearing loss benefits based solely upon the incorrect assertion that the WCJ accepted age as a cause of Claimant's hearing loss, the Board completely ignored Claimant's fundamental burden of proving that the injury was caused by his job. Employer argues that since both medical experts agreed that Claimant suffered from an above 10% hearing loss, the issue was not whether he actually suffered from some degree of hearing loss under AMA Guidelines, but rather, whether this degree of impairment was *caused* by his continuous exposure to occupational noise in the workplace. We agree.

 The law is well settled in Pennsylvania that in order to receive workers' compensation benefits an injured worker has the burden of proving all elements necessary to support an award. *Berks County Intermediate Unit v. Workers' Compensation Appeal Board (Rucker)*, 158 Pa.Cmwlth. 305, 631 A.2d 801 (1993). It is a fundamental principal of workers' compensation law that, absent proof of work-related causation of an injury, an employee is not entitled to compensation benefits. *Id.* at 804; *Golden Bay Earthquakes v. Workers' Compensation Appeal Board (Brooks)*, 129 Pa.Cmwlth. 236, 565 A.2d 212 (1989). Moreover, in cases where the injury is not attributable to a specific

incident and the causal relationship between the injury and the employment is not obvious, unequivocal medical testimony is required to establish this causal relationship. *Lynch v. Workers' Compensation Appeal Board (Teledyne Vasco)*, 545 Pa. 119, 680 A.2d 847 (1996).

In an effort to prove his work-related hearing loss, Claimant offered into evidence a report written by Dr. Bell. In this report, Dr. Bell stated that Claimant's hearing loss fell above the 10% threshold as required under Act One,[3] so he concluded that in his opinion, Claimant's hearing loss was caused by Employer. However, Claimant was not awarded compensation because the WCJ did not accept Dr. Bell's report as credible. The WCJ rejected this report because Dr. Bell did not offer an explanation as to how Claimant's post-employment binaural hearing impairment of 10.62% in 1996 was related to his job, which ended four years prior to this testing. Dr. Bell simply said that because Claimant suffered from a hearing impairment, that injury was induced while Claimant worked for Employer.

The WCJ found the testimony of Dr. Busis to be credible and noted that "Dr. Busis testified extensively regarding the analysis of claimant's hearing loss and possessed a more complete history from the claimant which included that the claimant used pistols in target shooting." Dr. Busis opined that Claimant's progression of hearing loss was unrelated to occupational noise at Rockwell. Nowhere in the WCJ's opinion or order is there any mention of Claimant's age or age being a factor in the WCJ's decision.

 In reversing the order of the WCJ, the Board erroneously approached the issue of Claimant's statutory burden of prov-

---

2. Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law, or that necessary findings of fact are not supported by substantial evidence. *Brown v. Workmen's Compensation Appeal Board*, 134 Pa.Cmwlth. 31, 578 A.2d 69 (1990).

3. Act One, amending the Pennsylvania Workers' Compensation Act, Act of June 2, 1915 (P.L. 736, No. 338) as amended, 77 P.S. § 1 et seq., Act of February 22, 1995, (P.L. 1, No. 1 & 2, immediately effective.)

ing causation. The Board presumed that Claimant proved causation when he showed his greater than 10% hearing loss as calculated by the AMA Guidelines, and then it shifted the burden of proof to Employer to show that Claimant's hearing loss was not caused by his job. The Board stated Employer's medical expert, Dr. Busis, failed to "quantitatively prioritize" the alleged non work-related causes of Claimant's hearing loss, since he did not assign percentages to the different factors that may have contributed to the injury. It is not an employer's burden to prove that a claimant's injury did not occur while in the course of his employment; the claimant bears the burden. *Berks County Intermediate Unit.*

The WCJ rejected the testimony of the sole medical expert who stated that Claimant's hearing loss was caused by his employment with Employer. The WCJ found credible the testimony of Employer's medical expert who opined that Claimant's hearing loss was not caused by Claimant's employment with Employer. Therefore, the WCJ found that Claimant did not satisfy his burden of proving causation and that finding is supported by substantial evidence. Thus, Claimant is not entitled to benefits.

Accordingly, we reverse and reinstate the decision of the WCJ, denying Claimant benefits.

## *O R D E R*

AND NOW, this 10th day of August, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is reversed.