# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Vinci,                             :
                                            :
                    Petitioner              :
                                            :
            v.                              :    No. 545 C.D. 2015
                                            :    Submitted: August 21, 2015
Workers' Compensation Appeal                :
Board (Tenet/MCP Hospital),                 :
                                            :
                    Respondent              :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE COLINS                         FILED:  October 23, 2015


        Jennifer Vinci (Claimant) petitions for review of an order of the
Workers' Compensation Appeal Board (Board) that affirmed the decision and
order of a Workers' Compensation Judge (WCJ) denying petitions that she filed in
2012 and 2013 to reinstate total disability benefits under the Workers'
Compensation Act (the Act)[1] (Reinstatement Petition) and to review benefits to
expand the description of her work injury (Review Petition).  We affirm.

        On January 4, 1999, Claimant sustained a work-related injury to her
lower back while employed by Tenet/MCP Hospital (Employer).  (2014 WCJ
Decision Finding of Fact (F.F.) ¶1; WCJ Ex. 2, 2008 WCJ Decision F.F. ¶2,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

Supplemental Reproduced Record (Supp. R.R.) at 15b.) On March 29, 1999, Employer issued a Notice of Compensation Payable (NCP) for that injury describing it as a "back strain." (2014 WCJ Decision F.F. ¶1; WCJ Ex. 1 NCP, Supp. R.R. at 4b.) Claimant underwent spinal surgeries at the L4-5 level in 2001 and 2006 for this injury. (2014 WCJ Decision F.F. ¶¶6a, 8b-8c; Claimant Ex. 2, Vinci Dep. at 6-7, 34-35, Reproduced Record (R.R.) at 36-37, 64-65; Claimant Ex. 3, Balderston Dep. at 9, 16-17, R.R. at 91, 98-99; 12/18/13 Hearing Transcript (H.T.) at 9, R.R. at 271.)

Employer in July 2007 filed a petition to modify Claimant's compensation benefits from total disability to partial disability based on a March 22, 2007 impairment rating evaluation (IRE) finding that Claimant had reached maximum medical improvement (MMI) and had a whole body impairment of 13%. (2014 WCJ Decision F.F. ¶¶2-3; WCJ Ex. 2, 2008 WCJ Decision at 1 & F.F. ¶¶4, 8, Supp. R.R. at 15b-16b; WCJ Ex. 1 IRE Report, Supp. R.R. at 5b-12b.) Claimant filed a petition to review compensation benefits in August 2007 seeking to expand the description of her work injury to include lumbar disc herniations at L4-5 and L5-S1, severe post-operative degenerative changes in the lumbar spine, and psychological injuries. (2014 WCJ Decision F.F. ¶4; WCJ Ex. 2, 2008 WCJ Decision F.F. ¶6, Supp. R.R. at 16b.) On August 13, 2008, the WCJ to whom these 2007 petitions were assigned granted Employer's petition and modified Claimant's benefits to partial disability effective March 22, 2007, and denied Claimant's petition on the ground that Claimant had failed to show that the additional injuries resulted from her 1999 work incident. (2014 WCJ Decision F.F. ¶¶3-4; WCJ Ex. 2, 2008 WCJ Decision Conclusions of Law (C.L.) ¶¶2-3 & Order, Supp. R.R. at 19b.) Claimant appealed the WCJ's Decision and Order on the 2007

2

petitions, and both the Board and this Court affirmed. (2014 WCJ Decision F.F. ¶5; WCJ Ex. 1 *Vinci v. Workers' Compensation Appeal Board (Tenet/MCP Hospital)*, (Pa. Cmwlth., No. 1688 C.D. 2009, filed April 21, 2010), Supp. R.R. at 20b-28b.)

In May 2012, Claimant underwent surgery for a L5-S1 disc herniation. (2014 WCJ Decision F.F. ¶¶8d, 12b; Claimant Ex. 3, Balderston Dep. at 11-12 & Balderston Dep. Ex. 2, R.R. at 93-94, 163-164.) On November 27, 2012, Claimant filed the Reinstatement Petition, requesting modification of her benefits from partial to total disability as of the date of her 2012 surgery. (2014 WCJ Decision at 1 of 8.) On July 17, 2013, Claimant filed the Review Petition, seeking to expand the description of her work injury to include the L5-S1 disc herniation for which she underwent the 2012 surgery. (*Id.*) The Reinstatement Petition and Review Petition were consolidated for hearing and decision. (*Id.*)

The WCJ held an evidentiary hearing at which Claimant testified and also received testimony by trial deposition of three witnesses: Claimant, Dr. Balderston, the orthopedic surgeon who performed Claimant's 2001, 2006 and 2012 spinal surgeries, and Dr. Kahanovitz, an orthopedic surgeon who examined Claimant on behalf of Employer. Dr. Balderston opined that the 2012 L5-S1 disc herniation and May 2012 surgery were caused by Claimant's 1999 work accident. (Claimant Ex. 3, Balderston Dep. at 11-12, R.R. at 93-94.) Dr. Kahanovitz opined that Claimant's 2012 L5-S1 disc herniation and surgery were unrelated to Claimant's 1999 work injury and unrelated to her 2001 and 2006 surgeries for that injury. (Employer Ex. 1, Kahanovitz Dep. at 15-17, 20, R.R. at 181-183, 186.)

On April 24, 2014, the WCJ issued a decision denying Claimant's Reinstatement Petition and Review Petition. The WCJ found the testimony of Dr.

Kahanovitz more credible and persuasive than causation testimony of Dr. Balderston, concluding that Dr. Kahanovitz's opinions that Claimant's 2012 L5-S1 disc herniation and surgery were not caused by her 1999 work injury were supported by Claimant's MRI records and that Dr. Balderston's testimony was less consistent with those medical records. (2014 WCJ Decision F.F. ¶12b.) The WCJ accordingly held that Claimant had not met her burden of proof on either petition because she failed to show that the medical condition and surgery on which both petitions were predicated were work-related. (*Id.* F.F. ¶¶12c-12d, C.L. ¶3.) The WCJ further concluded that the Reinstatement Petition must be denied for the additional reason that Claimant was required to show that she had an impairment rating of 50% or higher to obtain reinstatement of total disability status and did not introduce any such evidence. (*Id.* F.F. ¶12c, C.L. ¶2.) Claimant appealed, and on March 10, 2015, the Board affirmed. This appeal followed.[2]

Claimant argues that the WCJ erred in not finding that her 2012 L5-S1 disc herniation and surgery were work-related. This contention is without merit. The evidence on the issue of causation was conflicting: Claimant presented unequivocal medical testimony from Dr. Balderston relating the 2012 L5-S1 disc herniation to the work injury and Employer presented unequivocal medical testimony from Dr. Kahanovitz that there was no causal relationship between the 2012 L5-S1 disc herniation and the 1999 work injury or its treatment. The WCJ

---

[2] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether Board procedures or constitutional rights were violated. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

4

found Dr. Kahanovitz's testimony credible and rejected Dr. Balderston's testimony on causation as less credible and less persuasive.

Determination of credibility of witnesses is the prerogative of the WCJ, not the role of the Board or this Court. *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59-60, 70 (Pa. Cmwlth. 2014); *Gann v. Workers' Compensation Appeal Board (MBS Management/Wellington East Development)*, 792 A.2d 701, 704 (Pa. Cmwlth. 2002). The WCJ has exclusive province over questions of credibility and evidentiary weight, and may accept or reject the testimony of any witness, including medical experts, in whole or in part. *Furnari*, 90 A.3d at 59, 70; *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010); *Rockwell International v. Workers' Compensation Appeal Board (Sutton)*, 736 A.2d 742, 743 n.1 (Pa. Cmwlth. 1999).

The WCJ's credibility determinations here were supported by the record and well within her discretion.[3] The fact that Dr. Balderston was Claimant's treating physician does not change this. While a WCJ may give greater credence to a treating physician's testimony, that is merely a factor that the WCJ may weigh in assessing credibility; the WCJ is not required to find a treating

---

[3] Contrary to Claimant's assertions, Dr. Kahanovitz fully explained that Claimant's 2012 L5-S1 disc herniation was unconnected to earlier MRI findings of L5-S1 abnormalities and that it was not caused by stress from Claimant's L4-5 surgery. Dr. Kahanovitz testified that the 2012 L5-S1 disc herniation was an acute injury, not a chronic or progressive condition, and that it was a distinct and different condition from the minor L5-S1 abnormalities on Claimant's MRIs prior to 2012. (Employer Ex. 1, Kahanovitz Dep. at 15-16, 19-24, 39-43, R.R. at 181-182, 185-190, 205-209.) Dr. Kahanovitz further testified that, while L4-5 fusion surgery is capable of increasing stress at the L5-S1 level, that stress could only cause slowly progressive, degenerative changes, not the type of acute L5-S1 herniation suffered by Claimant. (*Id.* at 18-20, 37-43, R.R. at 184-186, 203-209.)

physician credible or more credible than a non-treating medical expert. *Anderson*, 15 A.3d at 945, 948-49; *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 562 A.2d 437, 441 n.6 (Pa. Cmwlth. 1989). As this Court aptly stated in *Anderson*, "Claimant essentially asks this Court to reweigh the evidence. This Court will not do so." 15 A.3d at 949.

It was Claimant's burden on both the Reinstatement Petition and Review Petition to prove that her 2012 L5-S1 disc herniation was caused by her 1999 work injury. *Anderson*, 15 A.3d at 948; *Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2006); *Huddy v. Workers' Compensation Appeal Board (U.S. Air)*, 905 A.2d 589, 592-93 (Pa. Cmwlth. 2006) (*en banc*). Given the WCJ's credibility determinations, Claimant could not meet her burden of proof and denial of both petitions was required regardless of any other evidence or factual or legal issues in the case. *Anderson*, 15 A.3d at 948-49; *Pryor*, 923 A.2d at 1205.[4]

---

[4] Claimant also contends that her 2012 L5-S1 disc herniation and surgery invalidated the 2007 IRE on the ground she had not attained MMI at the time of that IRE. This argument fails for two reasons. First, given Claimant's failure to meet her burden of proving that the 2012 L5-S1 disc herniation and surgery were work-related, they are irrelevant to the validity of the IRE, as an IRE assesses only the impairment from a claimant's compensable work injury, not the claimant's overall medical condition. Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, No. 57, § 4, *as amended*, 77 P.S. § 511.2(1), (8)(i), (ii) (IRE evaluates only impairment from "the compensable injury" and does not include "any … nonwork-related impairment"); *Duffey v. Workers' Compensation Appeal Board (Trola-Dyne, Inc.)*, 119 A.3d 445, 450-51 (Pa. Cmwlth. 2015). Second, regardless of whether the 2012 injury and surgery were work-related, the validity of the 2007 IRE, conducted years before this reinstatement petition and upheld on appeal to this Court, is beyond challenge, and any reinstatement of total disability status required a showing that Claimant had an impairment rating of at least 50%. 77 P.S. § 511.2(4); *Wingrove v. Workers' Compensation Appeal Board (Allegheny Energy)*, 83 A.3d 270, 275-76 (Pa. Cmwlth. 2014). As Claimant introduced no evidence of any impairment rating of 50% or greater, she could not have prevailed on the Reinstatement Petition, in any event.

For the foregoing reasons, we conclude that the WCJ committed no error in denying Claimant's Petitions in this matter.  Accordingly, the order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jennifer Vinci,                  :
                                   :
               Petitioner       :
                                     :
                v.            :    No. 545 C.D. 2015
                                     :
Workers' Compensation Appeal     :
Board (Tenet/MCP Hospital),       :
                                     :
              Respondent      :

# **O R D E R**

AND NOW, this 23rd day of October, 2015, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge