## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aziz Moumen,                 :
                              :
            Petitioner         :
                              :
              v.                :    No. 2608 C.D. 2015
                              :    Submitted: July 8, 2016
Workers' Compensation Appeal     :
Board (Supreme Mid Atlantic        :
Trucking),                        :
                              :
            Respondent       :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                  **FILED: September 2, 2016**

         Aziz Moumen (Claimant), *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of the Workers' Compensation Judge (WCJ) denying his claim petition. For the reasons set forth below, we affirm.

         Claimant worked for Supreme Mid Atlantic Trucking (Employer) as a chassis inspector from January 17, 2011 until June 17, 2011, when he was laid off, and was rehired by Employer to the same position on January 30, 2012. (WCJ Decision Finding of Fact (F.F.) ¶¶18(a), 19(a); 10/3/12 Hearing Transcript (H.T.) at 7-8, 10-12.) Claimant's duties as chassis inspector included light assembly work, visually inspecting truck chassis for damage, taking measurements, and installing loose accessories, such as mirrors and wheel covers, and required

occasional lifting of up to 25 pounds. (WCJ Decision F.F. ¶18(b); 2/27/13 H.T. at 28-29.) After Claimant was rehired on January 30, 2012, his duties were expanded to include picking up trash and leaves when there was a lull in chassis inspection work. (WCJ Decision F.F. ¶21(a), (c), (d); 2/27/13 H.T. at 29-30.)

Claimant had sustained an inguinal hernia while working for another company years before he was first hired by Employer. (WCJ Decision F.F. ¶17(a); 10/3/12 H.T. at 29-30, 36-37.) Claimant also suffered from back pain prior to his work for Employer. (WCJ Decision F.F. ¶17(c), (d); 10/3/12 H.T. at 11, 41.) In late February 2012, Claimant told Employer that he was having surgery in the near future. (WCJ Decision F.F. ¶24(a), (e); 2/27/13 H.T. at 11-12.) On March 2, 2012, Claimant gave Employer a note from his family physician restricting him from lifting over 10 pounds and from repeated bending and twisting. (WCJ Decision F.F. ¶¶25(b), 26(a); 10/3/12 H.T. at 19-21; 2/27/13 H.T. at 13-14; Employer Ex. 3.) The doctor's note did not state the medical condition for which the restrictions were imposed, and Claimant did not tell Employer that the doctor's restrictions or surgery were related to any work injury or that he had been injured at work. (WCJ Decision F.F. ¶¶22(c), (f), 23(b), 24(f), 26(e), (f); 2/27/13 H.T. at 13-14, 20, 32; Employer Ex. 3.) Employer told Claimant that he could not work until he was released from the restrictions and sent Claimant home, instructing him to contact Employer when he had been released to full duty. (2/27/13 H.T. at 14; Employer Ex. 4; 10/3/12 H.T. at 22-23.) On or about March 12, 2012, Employer discharged Claimant because he had exceeded the amount of absences permitted under its absenteeism policy and was not eligible for medical leave because he had not been employed long enough. (WCJ Decision F.F. ¶29; 2/27/13 H.T. at 14-15; Employer Ex. 4.) Claimant underwent surgery to repair his inguinal hernia on

2

March 26, 2012, and was fully recovered from the hernia and capable of returning to work as of October 1, 2012. (WCJ Decision F.F. ¶¶32(b), 34(e), (f), (g), 39.)

On June 18, 2012, Claimant filed a claim petition asserting that he suffered a work-related aggravation of his pre-existing inguinal hernia and seeking total disability benefits and payment of his medical bills. Employer timely answered the claim petition, denying that Claimant's aggravation of his hernia was work-related. The WCJ held five days of evidentiary hearings at which Claimant, Employer's Human Resources (HR) manager, Claimant's supervisor, and a long-time friend of Claimant testified, and also received testimony by trial deposition of Dr. Bazewicz, the physician who performed Claimant's hernia surgery.

Claimant testified that after he returned to work in 2012, his additional duties required him to lift 40-70 pounds and that he began to have pain and swelling in the area of his hernia. (10/3/12 H.T. at 13-16.) Claimant's supervisor testified that given the items of trash that Claimant was picking up and the size of the bags used for trash, the most that Claimant was lifting in his work duties in 2012 was 25 pounds. (2/27/13 H.T. at 29-30.) Both Employer's HR manager and Claimant's supervisor testified that Claimant never reported any work injury, work accident or work-related pain to them. (*Id.* at 11-12, 19-20, 32-34.) Employer's HR manager also testified that when Claimant reported that he was going to have surgery and brought in the doctor's note setting restrictions, Claimant did not assert that the surgery or restrictions had any connection to his work for Employer. (*Id.* at 11-18.) Claimant's friend had no knowledge of Claimant's working conditions and testified only to a conversation, after March 2, 2012 in which she claimed that Employer's HR manager acknowledged that Claimant's impending surgery was for a hernia. (5/22/13 H.T. at 22-28.)

3

Dr. Bazewicz testified that he first examined Claimant on March 8, 2012 and that Claimant reported to him that he had had the hernia for several years, "but that it had recently enlarged and become painful" and that Claimant "thought that lifting at work and doing some around the house things as well contributed to the hernia getting larger." (Claimant's Ex. 2 Bazewicz Dep. at 5.) Dr. Bazewicz opined that Claimant's pain from the hernia and need for surgery were caused by his work for Employer, basing this opinion on his understanding that Claimant "was doing heavy lifting at work" and that Claimant's work involved lifting 40 to 70 pounds. (*Id.* at 6-8, 14-15, 19.) Dr. Bazewicz's medical records, however, did not refer to any connection between Claimant's work for Employer and his hernia symptoms, and Dr. Bazewicz admitted that non-work strains on the abdomen, including coughing, violent sneezes, and bowel movements, can cause a hernia to become symptomatic. (*Id.* at 12-14, 19-20 & Bazewicz Ex. 1.) Claimant did not present testimony from the physician who had treated him for the hernia in February 2012, who had placed him under work restrictions and referred him for surgery.

On September 3, 2014, the WCJ issued a decision denying Claimant's claim petition. The WCJ found the testimony of Employer's HR manager and Claimant's supervisor credible and found the testimony of Claimant and his friend not credible to the extent that it was inconsistent with the testimony of the HR manager and supervisor. (WCJ Decision F.F. ¶¶18(e), 19(c), 21(d), 22(d), 23(b), 26(f), 36, 37.) The WCJ specifically found that Claimant's work duties in 2012 involved lifting no more than 25 pounds, not the 40-70 pounds that Claimant contended that he was lifting, and specifically rejected Claimant's testimony concerning the timing and severity of his symptoms as not credible. (*Id.* F.F. ¶¶21(d), 36.) The WCJ also rejected as less than credible the testimony of Dr.

4

Bazewicz that Claimant's work caused his hernia to worsen and become symptomatic. (*Id.* F.F. ¶38.) Based on these factual and credibility findings, the WCJ concluded that Claimant had failed to meet his burden of proving a work-related injury, and, accordingly, denied the Claim Petition. (*Id.* at 17.) Claimant appealed, and on October 20, 2015, the Board affirmed. This appeal followed.[1]

Under the Workers' Compensation Act (the Act),[2] the burden in a claim petition is on the claimant to prove that he has suffered a work-related injury and that the work-related injury caused the disability for which he seeks compensation. *Amandeo v. Workers' Compensation Appeal Board (Conagra Foods)*, 37 A.3d 72, 75-76 n.4 (Pa. Cmwlth. 2012); *Reyes v. Workers' Compensation Appeal Board (AMTEC)*, 967 A.2d 1071, 1077 (Pa. Cmwlth. 2009) (*en banc*). "It is a fundamental principal [*sic*] of workers' compensation law that, absent proof of work-related causation of an injury, an employee is not entitled to compensation benefits." *Rockwell International v. Workers' Compensation Appeal Board (Sutton)*, 736 A.2d 742, 744 (Pa. Cmwlth. 1999). Where the connection between the claimant's injury and disability and his work is not obvious, the claimant must prove causation by credible, unequivocal medical testimony. *Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 498 A.2d 800, 802 (Pa. 1985); *Moyer v. Workers' Compensation Appeal Board (Pocono Mountain School District)*, 976 A.2d 597, 599 n.3 (Pa. Cmwlth. 2009); *Taulton v. Workers' Compensation Appeal Board (USX Corp.)*, 713 A.2d 142, 145 (Pa. Cmwlth. 1998). Because Claimant's hernia pre-dated his work for Employer,

---

[1] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights or Board procedures were violated. *Reyes v. Workers' Compensation Appeal Board (AMTEC)*, 967 A.2d 1071, 1076 n.4 (Pa. Cmwlth. 2009) (*en banc*).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

causation is not obvious here and Claimant was required to prove by credible medical testimony that he suffered an aggravation of his hernia that was caused by his work for Employer. *Moyer*, 976 A.2d at 599 n.3; *Somerset Welding & Steel v. Workmen's Compensation Appeal Board (Lee)*, 650 A.2d 114, 117 & n.4 (Pa. Cmwlth. 1994).

Claimant argues that he satisfied his burden of proving that he suffered a work-related injury. We do not agree. Claimant testified concerning his physical symptoms and his work for Employer and introduced an expert medical opinion connecting his injury to those working conditions. The WCJ, however, found that neither Claimant's testimony on these subjects nor his expert's opinion was credible. Where the WCJ finds that the claimant's evidence that he suffered a work-related injury is not credible, the claimant cannot meet his burden of proof and denial of the claim petition is required. *Stalworth v. Workers' Compensation Appeal Board (County of Delaware)*, 815 A.2d 23, 29-30 (Pa. Cmwlth. 2002); *Rockwell International*, 736 A.2d at 745; *Taulton*, 713 A.2d at 145.

Determination of the credibility of witnesses is the prerogative of the WCJ, not the role of the Board or this Court. *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59-60, 70 (Pa. Cmwlth. 2014); *Gann v. Workers' Compensation Appeal Board (MBS Management/Wellington East Development)*, 792 A.2d 701, 704 (Pa. Cmwlth. 2002). The WCJ has exclusive province over questions of credibility and evidentiary weight, and may accept or reject the testimony of any witness, including medical experts, in whole or in part. *Furnari*, 90 A.3d at 59, 70; *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010); *Rockwell*, 736 A.2d at 743 n.1.

> [N]either the Board nor the Court may reweigh the WCJ's credibility determinations. … Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal.

*Furnari*, 90 A.3d at 70.

The WCJ's credibility determinations here were supported by the record and well within his discretion. The WCJ had the opportunity to observe Claimant's demeanor, as Claimant testified at three hearings before the WCJ. *See Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1053 (Pa. 2003) (where witness testified in person before WCJ, no explanation of credibility determination is required). In addition, the WCJ explained that Claimant's testimony was not credible because it was inconsistent with his communications with Employer and his behavior at the time and because it was contradicted by credible testimony of Employer's witnesses. (WCJ Decision F.F. ¶36.) The WCJ explained that he rejected Dr. Bazewicz's causation opinion because it was based on information concerning Claimant's work that he had found not credible and because Dr. Bazewicz's records did not indicate that Claimant's condition was connected to Claimant's work for Employer. (*Id.* F.F. ¶38.) As this Court aptly stated in *Anderson*, "Claimant essentially asks this Court to reweigh the evidence. This Court will not do so." 15 A.3d at 949.

Given the WCJ's credibility determinations, Claimant could not meet his burden of proof and denial of the claim petition was required. Accordingly, the Board did not err in affirming the WCJ's denial of Claimant's claim petition in this matter, and we affirm the Board's order.

_____
JAMES GARDNER COLINS, Senior Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Aziz Moumen, | : |
| | : |
| Petitioner | : |
| | : |
| v. | :  No. 2608 C.D. 2015 |
| | : |
| Workers' Compensation Appeal | : |
| Board (Supreme Mid Atlantic | : |
| Trucking), | : |
| | : |
| Respondent | : |

## **O R D E R**

AND NOW, this 2nd day of September, 2016, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge